# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YOLIE PEREZ, | Case No.: 2:18-cv-02010-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 6] |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

On October 22, 2018, the Court screened Plaintiff's complaint and found that she failed to state a claim. Docket No. 3.[1] In particular, the Court found that:

> Most significantly, the complaint indicates that Plaintiff disagrees with a decision to deny benefits, but it is not clear which decision is being challenged (*i.e.*, an initial denial, a denial upon reconsideration, a denial by an ALJ, or a denial by the Appeals Council). As such, it is not clear that Plaintiff exhausted her administrative remedies within the Social Security Administration. Similarly, it is not clear when a final decision was made (if one has been made), so the Court cannot determine whether this action was commenced in a timely manner.

*Id.* at 2. The Court therefore dismissed the complaint without prejudice, and ordered that any amended complaint must cure these deficiencies. *See id.* at 2-3.

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

Plaintiff has now filed an amended complaint that continues to suffer from the same deficiencies. Docket No. 6. As such, the amended complaint will be dismissed. Given Plaintiff's *pro se* status, the Court will afford one additional opportunity to cure the defects identified herein. The Court reiterates that a complaint in this context must allege that the claimant <u>exhausted her administrative remedies</u> and <u>timely</u> sought relief in this Court. **<u>Such a complaint should state whether the claimant's claims were denied by the Appeals Council and, if so, the date on which that denial was made.</u>** If Plaintiff has not yet completed the administrative process (*i.e.*, an initial decision, a decision upon reconsideration, a decision by an ALJ, and then a decision by the Appeals Council), she must do that <u>before</u> seeking relief from this Court.

Accordingly, the Court hereby **ORDERS** as follows:

1. The amended complaint is hereby **DISMISSED** without prejudice. If Plaintiff believes she can cure the deficiencies noted herein, a second amended complaint shall be filed by November 21, 2018. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make a second amended complaint complete. This is because, as a general rule, amended complaints supersede the original complaint and previously-filed amended complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint and any previously-filed amended complaints no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

2. **Failure to file a second amended complaint as required herein will result in a recommendation that this case be dismissed without prejudice.**

IT IS SO ORDERED.

Dated: October 30, 2018

_____
Nancy J. Koppe
United States Magistrate Judge