UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YOLIE PEREZ,<br><br>    Plaintiff(s),<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant(s). | Case No.: 2:18-cv-02010-APG-NJK<br><br>**Report and Recommendation** |

On October 22, 2018, the Court screened Plaintiff's complaint and found that she failed to state a claim. Docket No. 3.[1] In particular, the Court found that:

> Most significantly, the complaint indicates that Plaintiff disagrees with a decision to deny benefits, but it is not clear which decision is being challenged (*i.e.*, an initial denial, a denial upon reconsideration, a denial by an ALJ, or a denial by the Appeals Council). As such, it is not clear that Plaintiff exhausted her administrative remedies within the Social Security Administration. Similarly, it is not clear when a final decision was made (if one has been made), so the Court cannot determine whether this action was commenced in a timely manner.

*Id.* at 2. The Court therefore dismissed the complaint without prejudice, and ordered that any amended complaint must cure these deficiencies. *See id.* at 2-3.

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

On October 30, 2018, the Court screened Plaintiff's amended complaint and found that she failed to state a claim based on the same deficiencies identified previously. Docket No. 7. The Court reiterated that:

> a complaint in this context must allege that the claimant <u>exhausted her administrative remedies</u> and <u>timely</u> sought relief in this Court. **<u>Such a complaint should state whether the claimant's claims were denied by the Appeals Council and, if so, the date on which that denial was made.</u>** If Plaintiff has not yet completed the administrative process (*i.e.*, an initial decision, a decision upon reconsideration, a decision by an ALJ, and then a decision by the Appeals Council), she must do that <u>before</u> seeking relief from this Court.

*Id.* at 2 (emphasis in original). The Court provided one further opportunity for Plaintiff to cure these deficiencies if possible, and ordered that a second amended complaint must be filed by November 21, 2018. *Id.* The Court warned that "**[f]ailure to file a second amended complaint as required herein will result in a recommendation that this case be dismissed without prejudice.**" *Id.* (emphasis in original).

To date, Plaintiff has not filed a second amended complaint. As Plaintiff has not alleged to date that she has exhausted her administrative remedies or that her case here is timely if she has exhausted her administrative remedies, she has failed to state a claim on which relief may be granted and this case should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: December 3, 2018

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived

due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).